UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

YANIRA SANTIAGO-MARTÍNEZ &
RAYMOND RAMÍREZ-CARABALLO,
in representation of minor J.R.S.,

Plaintiffs,

v.

FUNDACIÓN DAMAS, INC. d/b/a
HOSP. DAMAS, DR. JORGE
MARTÍNEZ-COLÓN, and his spouse
NORMA SOTO; et al.,

Defendants.

CIVIL NO. 16-1327 (GAG)

**OPINION & ORDER**

Presently before the Court is Fundación Damas, Inc.'s ("Fundación Damas" or "Defendant"), motion for summary judgment asserting defensive nonmutual issue preclusion to dismiss Yanira Santiago Martínez's and Raymond Ramírez Caraballo's ("Plaintiffs") above-captioned complaint solely as to Fundación Damas. (Docket No. 74). Plaintiffs opposed. (Docket No. 79). With leave of Court, Defendant replied and Plaintiffs sur-replied. (Docket Nos. 82, 85). Federal jurisdiction is predicated on diversity of citizenship under 28 U.S.C. § 1332(a)(1). For the ensuing reasons, the Court **GRANTS** Defendant's motion for summary judgment at Docket No. 74.

I.     **Factual and Procedural Background**

On September 19, 2016, Plaintiffs filed an amended complaint alleging medical malpractice pursuant to Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, §§ 5141-42, against Fundación Damas and Dr. Jorge Martínez-Colón. (Docket No. 60). Plaintiffs seek to hold Fundación Damas vicariously liable for the negligent acts of the medical staff that treated Plaintiffs'

minor son J.R.S. Id. ¶ 37. Plaintiffs' medical malpractice claim against Fundación Damas is based on its liability as the owner and operator of Hospital Damas when the alleged malpractice was committed in the first half of the year 2010. Id.

On February 20, 2017, the Court denied without prejudice Defendant's first motion for summary judgment and stayed this action because "the issue [was] . . . on appeal in the First Circuit in a related matter." (Docket No. 71). See Vargas-Colón v. Fundación Damas, Inc., 864 F.3d 14 (1st Cir. 2017) (affirming dismissal of medical malpractice creditors' lawsuit against Fundación Damas because of issue preclusion).

After the First Circuit rendered its Opinion in Vargas-Colón, the Court lifted the stay and Fundación Damas, once again, moved for summary judgment arguing that Plaintiffs "are barred under the concepts of privity and issue preclusion from filing this lawsuit" in light of the Bankruptcy Court's decision regarding Hospital de Damas, Inc.'s Chapter 11 reorganization. (Docket No. 74 at 2). In re Hosp. de Damas, Inc., Case No. 10-8844 (EAG), 2012 WL 1190651 (Bankr. D.P.R. Apr. 9, 2012). Therein, the Bankruptcy Court denied medical malpractice creditors' motion to dismiss Hospital de Damas Inc.'s bankruptcy petition. See In re Hosp. de Damas, 2012 WL 1190651, at *1. The medical malpractice creditors argued that the owner of Hospital Damas's license to operate was Fundación Damas and not Hospital de Damas, Inc. See id. at *4-7. The Bankruptcy Court found that "Fundación Damas, a not-for-profit corporation, owns the real property on which the hospital facility known as Hospital Damas is located. Prior to 1987, it operated Hospital Damas. In 1987, Fundación Damas incorporated [Hospital de Damas, Inc.,] and then leased the hospital facility to [Hospital de Damas, Inc.]" Id. at *5. The Bankruptcy Court held that "the evidence presented establishes that the debtor [—Hospital de Damas, Inc.—] has been operating Hospital Damas since 1987." Id. at *6.

Civil No. 16-1327 (GAG)

## II.  Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see FED. R. CIV. P. 56(a). "An issue is genuine if 'it may reasonably be resolved in favor of either party' at trial, . . . and material if it 'possess[es] the capacity to sway the outcome of the litigation under the applicable law.'" Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006) (alteration in original) (internal citations omitted).

The moving party bears the initial burden of demonstrating the lack of evidence to support the nonmoving party's case. Celotex, 477 U.S. at 325. "The burden then shifts to the nonmovant to establish the existence of at least one fact issue which is both genuine and material." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994). The nonmovant may establish a fact is genuinely in dispute by citing particular evidence in the record or showing that either the materials cited by the movant "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1)(B). If the Court finds that a genuine issue of material fact remains, the resolution of which could affect the outcome of the case, then the Court must deny summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When considering a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences. Id. at 255. Moreover, at the summary judgment stage, the Court does not make credibility determinations or weigh the evidence. Id. Summary judgment may be appropriate, however, if the nonmoving party's case rests merely upon "conclusory allegations, improbable inferences, and

3

unsupported speculation." Forestier Fradera v. Mun. of Mayaguez, 440 F.3d 17, 21 (1st Cir. 2006) (quoting Benoit v. Tech. Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003)).

### III.     Legal Analysis and Discussion

"Issue preclusion, sometimes referred to as collateral estoppel, 'bars parties from re-litigating issues of either fact or law that were adjudicated in an earlier proceeding.'" Vargas-Colón, 864 F.3d at 25 (quoting Robb Evans & Assocs., LLC v. United States, 850 F.3d 24, 31 (1st Cir. 2017)); see also Taylor v. Sturgell, 553 U.S. 880, 892 (2008). "[T]he particular finding of fact that Fundación [Damas] argues[] is entitled to preclusive effect was made by the federal bankruptcy court. Therefore, federal common law controls the question of issue preclusion in this case." Vargas-Colón, 864 F.3d at 25; see also Taylor, 553 U.S. at 891 ("The preclusive effect of a federal-court judgment is determined by federal common law."). The First Circuit has also recognized that issue preclusion is "no longer limited to ultimate issues: necessary intermediate findings can now be used to preclude relitigation." Rodríguez-García v. Miranda-Marín, 610 F.3d 756, 771 (1st Cir. 2010) (quoting Biggins v. Hazen Paper Co., 111 F.3d 205, 210 (1st Cir. 1997)).

"The party asserting issue preclusion under federal common law must make a four-part showing: 'that (1) both proceedings involve[ ] the same issue of law or fact, (2) the parties actually litigated that issue [in the prior proceeding], (3) the prior court decided that issue in a final judgment, and (4) resolution of that issue was essential to judgment on the merits.'" Vargas-Colón, 864 F.3d at 26 (quoting Robb Evans, 850 F.3d at 32 (alterations in original)).

In the present case, Fundación Damas has made the necessary showing to assert issue preclusion. First, the proceeding before the Bankruptcy Court involved the same issue of fact as to who was the owner and operator of Hospital Damas. See In re Hosp. de Damas, 2012 WL 1190651, at *3-7. Second, the medical malpractice creditors actually litigated the issue via a motion to dismiss

**Civil No. 16-1327 (GAG)**

in the bankruptcy proceeding that included debtor's opposition and creditors' reply. See id. at *1. Third, the Bankruptcy Court's denial of the medical malpractice creditors' motion to dismiss Hospital de Damas, Inc.'s bankruptcy petition was a final judgment. See Vargas-Colón v. Hosp. Damas, Inc., 561 F. App'x 17, 21 (1st Cir. 2014) (echoing district court's determination that "the bankruptcy court had conclusively adjudicated the fact that [Hospital de Damas, Inc.] was . . . the hospital's operator . . . and, thus, liable for the negligence that caused Plaintiff's injuries."); see also Vargas-Colón v. Fundación Damas, Inc., 157 F. Supp. 3d 106, 111 (D.P.R. 2016). Fourth, resolution of this factual issue was essential to judgment on the merits. The issue of who was the owner and operator was taken into consideration as part of the Bankruptcy Court's decision to deny the motion to dismiss the bankruptcy petition due to the creditors' failure in establishing "debtor's lack of good faith and, by extension, that the debtor committed fraud." In re Hosp. de Damas, 2012 WL 1190651, at *7.

Plaintiffs contend that issue preclusion is inapplicable to the present case because it only applies exclusively to litigation between the same parties. (Docket No. 79 at 3-4). Plaintiffs cite Blonder-Tongue Lab'ys, Inc. v. Univ. of Ill. Found., 402 U.S. 313, 329 (1971), in support of the proposition that "it is still a violation of due process for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had an opportunity to be heard." (Docket No. 79 at 3-4). In Blonder-Tongue, the Supreme Court stated,

> Some litigants—those who never appeared in a prior action—may not be collaterally estopped without litigating the issue. They have never had a chance to present their evidence and arguments on the claim. Due process prohibits estopping them despite one or more existing adjudications of the identical issue which stand squarely against their position.

Id. at 329; see also Hansberry v. Lee, 311 U.S. 32, 40 (1940). Plaintiffs point out that "there is no identity of parties because none of them were party to the Hospital Damas[] bankruptcy proceeding

or the Vargas-Colón case." 864 F.3d 14; (Docket No. 79 at 5). Thus, Plaintiffs argue "that they never had a full and fair opportunity for judicial resolution of the ownership issue on the merits and that they have not actually litigated the ownership issue beforehand." (Docket No. 79 at 5).

Defendant rebuts Plaintiffs' argument asserting that issue preclusion *does* apply in this case even though Plaintiffs were not parties to the bankruptcy proceeding because "they are members of the same class of medical malpractice claimants that litigated said issue and their attorney is the same that represented the[] plaintiffs in the Bankruptcy Court." (Docket No. 74 at 5). Therefore, Defendant claims Plaintiffs have had a full and fair opportunity for judicial resolution of the same issue of whether Fundación Damas or Hospital de Damas, Inc., owned and operated Hospital Damas when the malpractice occurred. (Docket No. 74 at 6).

"Under the concept of nonmutual issue preclusion, a defendant like Fundación [Damas] who was not a party to the earlier proceeding may still assert issue preclusion 'to prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost against another defendant,' Rodríguez-García, 610 F.3d at 771 (quoting Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.4 (1979)), provided that the party against whom issue preclusion is asserted 'has had a full and fair opportunity for judicial resolution of the same issue,' id. (quoting Fiumara v. Fireman's Fund Ins. Cos., 746 F.2d 87, 92 (1st Cir. 1984))." Vargas-Colón, 864 F.3d at 28.

In the past, the Court "adhered to the doctrine of 'mutuality of estoppel,' which dictated that 'unless both parties (or their privies) in a second action are bound by a judgment in a previous case, neither party (nor his privy) in the second action may use the prior judgment as determinative of an issue in a second action.'" Acevedo-García v. Monroig, 351 F.3d 547, 573 (1st Cir. 2003) (quoting Blonder–Tongue Lab'ys, 402 U.S. at 320–21); see also Rodríguez-García, 610 F.3d at 770. However, mutuality is no longer strictly required for the application of collateral estoppel in federal

6

courts. Fiumara, 746 F.2d at 92. "Instead, the central question is 'whether a party has had a full and fair opportunity for judicial resolution of the same issue.'" Rodríguez-García, 610 F.3d at 771 (quoting Fiumara, 746 F.2d at 92).

Consequently, Plaintiffs' argument that issue preclusion should not apply because the parties in this case are not identical to those in the Bankruptcy Court proceeding fails. A different defendant may assert defensive nonmutual issue preclusion when the party being estopped was a plaintiff in the original suit. See JOSEPH W. GLANNON, EXAMPLES & EXPLANATIONS CIVIL PROCEDURE 594-95 (8th ed. 2018). Moreover, the First Circuit noted in Vargas-Colón that Fundación Damas "who was not a party to the earlier proceeding may still assert issue preclusion to prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost against another defendant" so long as Plaintiffs have had a full and fair opportunity for judicial resolution of the same issue. Vargas-Colón, 864 F.3d at 28.

"[O]nce an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." Montana v. U.S., 440 U.S. 147, 153 (1979). A fundamental precept of common-law adjudication embodied in issue preclusion "is that a 'right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies . . . .'" Id. (quoting S. Pac. R.R. Co. v. United States, 168 U.S. 1, 48-49 (1897)). "Issue preclusion requires 'that the party to be precluded from relitigating an issue decided in a previous litigation was either a party or in privity with a party to the prior litigation.'" United States v. Rosado-Cancel, 917 F.3d 66, 69 (1st Cir. 2019) (quoting United States v. Bonilla Romero, 836 F.2d 39, 43 (1st Cir. 1987)).

Under the concept of privity, "a non-party to an action nonetheless may be bound by the issues decided there if it substantially controls, or is represented by, a party to the action." Bonilla Romero, 836 F.2d at 43. "The party estopped due to representation by a party to the action must have been 'so closely related to the interest of the party to be fairly considered to have had his day in court.'" Id. (quoting In re Gottheiner, 703 F.2d 1136 (9th Cir. 1983)). "There must be a substantial identity of the parties such that the party to the action was the virtual representative of the party estopped." Bonilla Romero, 836 F.2d at 43. "The Court considers not only the identity of interests between the two parties, but also 'whether the party's interests were fully represented in the earlier case, albeit by another.'" Rivera v. P.R. Elec. Power Auth., 4 F. Supp. 3d 342, 352 (D.P.R. 2014) (quoting Cnty. of Boyd v. U.S. Ecology, Inc., 48 F.3d 359, 361 (8th Cir. 1995)). "Whether a party is virtually representative of a non-party is a question of fact determined on a case-by-case basis." Bonilla Romero, 836 F.2d at 43.

In the case at bar, the Court determines that the medical malpractice creditors in the Bankruptcy Court proceeding virtually represented Plaintiffs so as to establish that Santiago Martínez and Ramírez Caraballo have had a full and fair opportunity for judicial resolution of the same issue regarding who is liable for the medical malpractice in Hospital Damas. Plaintiffs are so closely related to the medical malpractice creditors' interest to be fairly considered to have had their day in Court. They both seek to transfer the liability for the malpractice from Hospital de Damas, Inc., to Fundación Damas.

Plaintiffs and the medical malpractice creditors are so substantially identical to the point where the medical malpractice creditors virtually represented Plaintiffs because they both share the same interest of shifting liability from the same entities. Although neither Plaintiffs nor their attorney were involved in the bankruptcy proceeding, Plaintiffs' interest were adequately represented.

Accordingly, the Court holds that Plaintiffs and the medical malpractice creditors are privies and thus barred under defensive nonmutual issue preclusion from relitigating the issue of whether Fundación Damas is liable for the medical malpractice as the owner and operator of Hospital Damas.

Plaintiffs further argue that the Puerto Rico Court of Appeals' ruling in <u>Narváez v. Hosp. de Damas</u> ("<u>Narváez</u>") on the ownership issue of Hospital Damas controls and constitutes the applicable law. KLAN-2012-1997, 2014 WL 718435 (T.C.A. Jan. 27, 2014); (Docket Nos. 79 at 6, 8-9) (certified translation provided at Docket No. 68-4). In <u>Narváez</u>, the Puerto Rico Court of Appeals denied Fundación Damas's argument asserting "the affirmative defense of issue preclusion against another medical-malpractice creditor." <u>Vargas-Colón</u>, 864 F.3d at 27. According to Plaintiffs, Narváez concluded that "despite the Bankruptcy Court's finding, 'it [was] necessary to hold an evidentiary hearing where it is established, through evidence, the relationship between Fundación Damas and Hospital Damas.'" (Docket No. 79 at 8 (quoting <u>Narváez</u>, Docket No. 68-4 at 36)). Thus, Plaintiffs posit that the Court should apply the Puerto Rico Court of Appeals' determination allowing evidentiary hearings regarding the issue of who is the owner and operator of Hospital Damas because "the one Court that examined the merits of the ownership issue was the Puerto Rico Court of Appeals." (Docket No. 85 at 4).

Plaintiffs' argument fails as "federal common law governs the application of issue preclusion in this case" because the preclusive effect of the determination that Hospital de Damas, Inc., was the owner and operator of Hospital Damas "was made by the federal bankruptcy court." <u>Vargas-Colón</u>, 864 F.3d at 25, 30. "Therefore, federal common law controls the question of issue preclusion in this case." <u>Id.</u> at 25; <u>see also</u> <u>Taylor</u>, 553 U.S. at 891 ("The preclusive effect of a federal-court judgment is determined by federal common law."). The Bankruptcy Court resolved the contested issue prior to the Puerto Rico Court of Appeals. Thus, preclusive effect should be given to the Bankruptcy Court

**Civil No. 16-1327 (GAG)**

because it was the judicial proceeding that chronologically occurred first. See <u>Bath Iron Works Corp. v. Dir., Off. Of Workers' Comp. Programs, U.S. Dep't of Lab.</u>, 125 F.3d 18, 22 (1st Cir. 1997) ("[T]he point of collateral estoppel is that the first determination is binding not because it is right but because it is first . . . .").

**IV.  Conclusion**

For the foregoing reasons, the Court **GRANTS** Fundación Damas's motion for summary judgment at Docket No. 74.

**SO ORDERED.**

In San Juan, Puerto Rico this 18th day of May 2021.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge
